**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

JIMMY PARKER, JR.,                    )
                                      )
            **Petitioner,**           )
**v.**                                )          **Civil Action No. 1:18-01069**
                                      )
**BARBARA RICKARD, Warden,**          )
                                      )
            **Respondent.**           )

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's "Motion Requesting Relief &

Summary Judgment for Failure to Comply with Rule 1(b) and 4 of the Rules Governing 2254

Cases in the United States District Courts" (Document No. 18), filed on October 4, 2018; and (2)

Respondent's "Motion to Dismiss, or in the Alternative, To Transfer" (Document No. 20), filed

on October 25, 2018. By Standing Order, this matter was referred to a United States Magistrate

Judge for the submission of proposed findings of fact and a recommendation for disposition

pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and

considered the applicable law, the undersigned has concluded that Petitioner's above Motion

should be denied and Respondent's above Motion should be granted.

**FACT AND PROCEDURE**

**A.      Criminal Action No. 1:05-cr-00158:**

On June 1, 2005, Petitioner pled guilty in the Middle District of North Carolina to one

count of conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C §

841(b)(1)(B) and 846 (Count One); and one count of carry and use of a firearm in relation to a

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five); and one count

of being a felon in possession of one or more firearms in violation of 18 U.S.C. § 922(g)(1) (Count Six). United States v. Parker, Case No. 1:05-cr-00158 (M.D.N.C. Sept. 26, 2005), Document No. 11; (Document No. 20-2). On September 26, 2005, the District Court sentenced Petitioner to total term of 324 months of imprisonment to be followed by a 5-year term of supervised release. (Document No. 20-3.)

On November 4, 2005, Petitioner filed a Notice of Appeal. (Document No. 20-4.) Counsel filed an Anders Brief alleging that there were no meritorious claims on appeal. (Document No. 20-5.) Petitioner filed his *pro se* supplemental brief arguing actual innocence, ineffective assistance of counsel, and improper calculation of the Sentencing Guidelines[1]. (Id.) By Per Curiam Opinion entered on April 14, 2006, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Parker, 176 Fed.Appx. 358 (4th Cir. 2006).

**B.     Section 2255 Motion:**

On March 20, 2007, Petitioner filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Parker, Case No. 1:05-cr-00158, Document No. 26. In his Motion, Petitioner asserted the following: (1) "Advising of career offender was not admitted or signed by defendant in the presentence report;" (2) Counsel was ineffective in failing to determine defendant was a career offender before the plea; (3) Guilty plea was made unknowingly; (4) Illegal search and seizure; (5) Miranda violation; (6) Prosecutorial misconduct; (7) Petitioner was entitled to a downward departure; and (8) Lack of jurisdiction. Id. On September 27, 2007, the United States filed its Response in Opposition to Petitioner's

---

[1] The Fourth Circuit determined that Petitioner met the requirements of a career offender under U.S.S.G. § 4B1.1 because Petitioner had a prior conviction for conspiracy to commit armed robbery and a prior conviction for assault inflicting serious bodily injury, both punishable by a

Section 2255 Motion. Id., Document No. 43. Petitioner filed his Reply on November 7, 2007. Id., Document No. 48. By "Order and Recommendation" entered on March 3, 2008, United States Magistrate Judge P. Trevor Sharp recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 49. Petitioner filed his Objections on April 1, 2008. Id., Document No. 53. By Order and Judgment entered on May 19, 2008, the District Court adopted Judge Sharp's Recommendation and denied Petitioner's Section 2255 Motion. Id., Document Nos. 55 and 56. On June 9, 2008, Petitioner filed his Notice of Appeal. Id., Document No. 57. By Order entered on October 24, 2008, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Id., Document No. 65. By Order entered on January 27, 2009, the Fourth Circuit denied Petitioner's petition for rehearing. Id., Document No. 68.

C.     **Second Section 2255 Motion:**

On November 17, 2011, Petitioner filed in the Middle District of North Carolina a "Motion Pursuant to Title 18; U.S.S.G. § 4A1.1 & 4A1.2 Under the Sentencing Guidelines Manual Rule 15(c) – (2)" arguing that the District Court erred in calculating his sentence and finding Petitioner to be a career offender based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2001) and Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577 (2010). Id., Document No. 81. By Order entered on January 9, 2012, Judge Sharp construed the foregoing as a Section 2255 Motion and directed the United States to file a Response. Id., Document No. 83. The United States filed its Response on March 22, 2012 addressing the application of Simmons and Petitioner filed his Reply on April 4, 2012. Id., Document Nos. 87 and 89. By Order entered on September 18, 2012, United States Magistrate Judge Joi Elizabeth Peake directed the United

---

term of imprisonment of over a year. (Document No. 20-5, p. 3.)

States to file a Supplemental Response after noting that "the Government has recently informed the Court that it is changing some of its previously-held positions regarding <u>Simmons</u>-related filings." <u>Id.</u>, Document No. 90. On November 15, 2012, the United States filed its Supplemental Response stating that its "positions regarding Parker's latest motion are not altered by any change in Department of Justice polices." <u>Id.</u>, Document No. 91. By "Recommendation" filed on July 2, 2014 Judge Peake recommended that Petitioner's Motion be denied after finding that Petitioner remained a career offender even after <u>Simmons</u> because "Petitioner faced well more than a year in prison for his predicate convictions." <u>Id.</u>, Document No. 99. By "Order and Judgment" filed on August 29, 2014, the District Court adopted Judge Peake's Recommendation. <u>Id.</u>, Document No. 101.

**D.    Third Section 2255 Motion:**

On May 18, 2016, Petitioner filed his third Section 2255 Motion in the Middle District of North Carolina. <u>Id.</u>, Document No. 111. Specifically, Petitioner argued that he no longer qualified as a career offender in light <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). First, Petitioner asserted that his prior conviction for conspiracy to commit armed robbery and assault inflicting serious bodily injury no longer constituted predicate crimes of violence. (<u>Id.</u>) Second, Petitioner claimed that his conviction of possession of firearms during a drug trafficking crime was not a "serious violent felony." (<u>Id.</u>) On June 2, 2016 and June 8, 2016, Petitioner filed supplements. <u>Id.</u>, Document No. 112 and 113. By Order entered on June 27, 2016, the Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. <u>Id.</u>, Document No. 114. On the same day, Petitioner filed an Amended Section 2255 Motion asserting actual innocence of the career

4

offender enhancement because (1) Petitioner's no contest plea for assault inflicting serious bodily injury was no longer a qualifying predicate offense, and (2) Petitioner's "charge of conspiracy to commit armed robbery was no longer a qualifying predicate offense." Id., Document No. 115. On July 7, 2016, Petitioner filed a supplement to his Amended Section 2255 Motion claiming that is conviction for possession of a firearm during a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)) no longer qualifies as a crime of violence. Id., Document No. 118. On September 14, 2016, the District Court stayed the above case pending the decision of the United States Supreme Court in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).[2] By "Order and Recommendation" entered on September 29, 2017, Judge Peake recommended that Petitioner's Section 2255 Motions be denied because Johnson did not apply to the guidelines, and Johnson did not affect the portion of Section 924 under which Petitioner was convicted[3]. Id., Document No. 123. Petitioner filed his Objections on October 16, 2017. Id., Document No. 125. By Order and Judgment filed on November 3, 2017, the District Court adopted Judge Peake's recommendation and denied Petitioner's Section 2255 Motions. Id., Document No. 128 and 129. Petitioner filed his Notice of Appeal on February 2, 2018. Id., Document No. 133. By Order entered on April 20, 2018, the Fourth Circuit denied Petitioner a certificate of appealability and

---

[2] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of Johnson. Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." Id.(emphasis added) The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. Id.

[3] Specifically, the District Court noted that Petitioner "pled guilty to using a firearm in furtherance of a drug trafficking crime, not during and in relation to a crime of violence."

dismissed his appeal. Id., Document No. 137.

**E.    Section 2241 Petition:**

On June 22, 2018, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241.[4] (Civil Action No. 5:17-01383, Document No. 1.) Petitioner first argues that "under a 'no contest plea' to assault inflicting serious bodily injury is not a 'crime of violence' and cannot be used for a career offender enhancement purposes." (Id., pp. 2 – 3.) Second, "[c]onspiracy to commit armed robbery is not a crime of violence and is broader than the generic conspiracy and could not be used for career offender enhancement purposes." (Id., pp. 3 – 4.) Third, Petitioner contends that "*Dimaya* held that the 'residual clause' of 18 U.S.C. § 16(b) is unconstitutionally vague" and therefore, the career offender guidelines are unconstitutionally vague. (Id., pp. 4 – 6.) Therefore, Petitioner argues that he can satisfy the requirements of the savings clause. (Id.)

On July 16, 2018, Petitioner filed a "§ 2241 Supplemental Brief Presenting Elements to Satisfy Saving Clause." (Id., Document No. 5.) Petitioner argues that he can satisfy the savings clause because after his direct appeal and his first Section 2255 Motion, the Supreme Court issued its decision in Johnson that "rendered petitioner's convictions and career offender status invalid." (Id.) Petitioner further states that in United States v. McCollum, the Fourth Circuit held that "conspiracy doesn't require an 'overt act' and is broader than generic conspiracy and doesn't qualify as a crime of violence." (Id.) Finally, Petitioner argues that Beckles rendered Section 2255 is ineffective to assert his Johnson claim. (Id.)

On August 1, 2018, Petitioner filed a "§ 2241 Supplemental Brief Presenting Elements to

---

[4] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Satisfy Saving Clause." (Id., Document No. 6.) Petitioner contends that he is entitled to relief because his prior conviction for assault inflicting serious bodily injury under a no contest plea no longer qualifies as a predicate offense in the wake of the Supreme Court's decision in Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (Id.)

By Order entered on August 2, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and Supplemental Briefs and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Id., Document No. 7.)

On August 23, 2018, Petitioner filed his Motion to Amend. (Id., Document No. 14.) Petitioner again argues that in light of Descamps, his prior conviction for inflicting serious body injury can longer qualify as a predicate offense for his career offender enhancement. (Id.) Citing Wheeler, Petitioner argues that he can satisfy the requirements of the savings clause. (Id.) By separate Order entered this day, the undersigned has granted Petitioner's Motion to Amend.

On September 6, 2018, Petitioner filed his "§ 2241 Supplemental Brief – Clarifying Points to Court to Avoid Misunderstanding: 1st Issue Dimaya and 2nd Issue Johnson v. United States and Descamps." (Id., Document No. 15.) First, Petitioner argues that "the implementing statute for the career offender guideline which partially relies on 18 U.S.C. § 16(b) is unconstitutionally vague in light of Dimaya." (Id.) Second, Petitioner argues that Johnson and Descamps "make my crime [assault inflicting serious bodily injury] no longer available to be used for enhancement." (Id.) Third, Petitioner argues that "[p]ursuant to Johnson and Descamps, conspiracy to commit armed robbery is broader than generic conspiracy and does not qualify as a 'crime of violence.'" (Id.)

On October 4, 2018, Petitioner filed a "Motion Requesting Relief & Summary Judgment for Failure to Comply with Rule 1(b) and 4 of the Rules Governing 2254 Cases in the United States District Courts." (Id., Document No. 18.) Petitioner contends that Respondent was required to file an Answer to Petitioner's Petition by September 14, 2018. (Id.) Petitioner complains that Respondent has yet to file an Answer or Response to his Petition. (Id.) On the same day, Respondent filed her Response in Opposition. (Id., Document No. 19.) Respondent notes that the Court extended the deadline for Respondent's Answer or Response to October 29, 2018. (Id.) Therefore, Respondent contends that Petitioner's Motion should be denied. (Id.)

On October 25, 2018, Respondent filed her "Motion to Dismiss, or in the Alternative, to Transfer" and Memorandum in Support. (Id., Document Nos. 20 and 21.) Respondent first argues that Petitioner's Petition should be dismissed as inappropriate under Section 2241. (Id., pp. 5 – 9.) Respondent explains that Petitioner's claims challenge the application of the career offender guideline, which is "precisely the types of claims that should be brought in a § 2255 petition." (Id., p. 6.) Respondent notes that Petitioner is procedurally barred from filing a Section 2255 Motion because it has been more than one year since his 2006 conviction became final and more than a year since the Fourth Circuit granted him authorization to file a successive Section 2255 Motion (June 27, 2016). (Id.) Respondent further states that Petitioner "has already filed at least three § 2255 petitions – or petitions construed as such – and cannot file another without court permission." (Id.) Next, Respondent acknowledges that a petitioner may challenge the validity of his conviction or sentence pursuant to the "savings clause" if he can establish that his remedy under Section 2255 is inadequate or ineffective. (Id.) Respondent, however, argues that Petitioner cannot satisfy the requirements of the "savings clause" because "Petitioner has not shown that the

relevant substantive law has changed or that any change has been deemed to apply retroactively with regard to any of his three claims." (Id.) Respondent asserts that "the fact that Petitioner entered a no contest plea does not prevent his conviction from being a career offender predicate, and defendant has not cited any controlling authority to the contrary." (Id., p. 8.) Concerning Petitioner's claim based upon McCollum, Respondent contends that "Petitioner cites no authority that McCollum and its progeny are to apply retroactively on collateral review." (Id.) Concerning Petitioner's claim based upon Dimaya, Respondent argues that "Dimaya did not address the career offender guideline, or the definition of a crime of violence under the guidelines, and it has no application here." (Id., pp. 8 – 9.) Finally, Respondent argues that "[i]f this Court construes the § 2241 Petition as a § 2255 Petition, it should dismiss the Petition or transfer it." (Id., pp. 9 – 11.)

By Order and Notice entered on October 30, 2018, the undersigned notified Petitioner of his right to file a Reply to Respondent's "Motion to Dismiss, or in the Alternative, To Transfer." (Id., Document No. 22.) On November 2, 2018, Petitioner filed his first Response. (Document No. 23.) Petitioner argues that he "meets all the requirements of Wheeler and the availability of 28 U.S.C. § 2241 was made retroactive by the United States Court of Appeals for the Fourth Circuit in light of Simmons." (Id.) Petitioner contends that "[u]ntil this ruling, the petitioner has had no vehicle into court for redress." (Id.) Further, Petitioner contends that his prior charge of conspiracy to commit armed robbery no longer qualifies as "crime of violence" in light of Johnson, Mathis, and Dimaya. (Id.) On November 7, 2018, Petitioner filed his second Response. (Id., Document No. 24.) Petitioner continues to argue that his no contest plea cannot be used "for enhancement purposes [because] it lacks the physical force and admitted elements of a qualifying

9

offense, which determines crime of violence or violent felony for enhancement purposes for ACCA and a career offender enhancement." (Id.) On December 13, 2018, Petitioner filed a Supplemental Response. (Id., Document No. 25.) Citing Lester v. Flournoy, 909 F.3d 708 (2018), Petitioner argues that Fourth Circuit determined that "career offenders who are no longer career offenders due to retroactive change in substantive law may seek relief under the savings clause." (Id.)

###### F.    Motion to Reduce Sentence Based on the First Step Act:

On December 26, 2018, Petitioner filed in the Middle District of North Carolina a Motion to Reduce his Sentence based upon Section 404 of the First Step Act of 2018. Parker, Case No. 1:05-cr-00158, Document No. 143. On January 10, 2019, January 25, 2019, and February 4, 2019, Petitioner filed Supplements to his above Motion. Id., Document Nos. 144, 145, and 146. The above Motion is currently pending before the Middle District of North Carolina.

###### ANALYSIS

###### 1.    Petitioner's Motion for Summary Judgment (Document No. 18):

On October 4, 2018, Petitioner filed a "Motion Requesting Relief & Summary Judgment for Failure to Comply with Rule 1(b) and 4 of the Rules Governing 2254 Cases in the United States District Courts." (Document No. 18.) Petitioner contends that Respondent was required to file an Answer to Petitioner's Petition by September 14, 2018. (Id.) Petitioner complains that Respondent has yet to file an Answer or Response to his Petition. (Id.) On the same day, Respondent filed her Response in Opposition. (Document No. 19.) Respondent notes that the Court extended the deadline for Respondent's Answer or Response to October 29, 2018. (Id.) Therefore, Respondent contends that Petitioner's Motion should be denied. (Id.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . .." After reviewing all of the pleading and filings in this case, the undersigned finds that Respondent did not default by failing to respond to Petitioner's Petition. Although the Court initially directed Respondent to file an Answer by September 14, 2018, the undersigned subsequently granted Respondent's Motion for Extension of Time. (Document Nos. 7, 11, 12.) By Order entered on August 10, 2018, the undersigned granted Respondent's Motion and directed that Respondent file her Answer or Response to Petitioner's Section 2241 Petition by October 29, 2018. (Document No. 12.) Respondent filed her "Motion to Dismiss, or in the Alternative, to Transfer" on October 25, 2018. (Document No. 21.) Thus, the record clearly reveals that Respondent timely filed her Response to Petitioner's Petition. Accordingly, the undersigned respectfully recommends that Petitioner's "Motion Requesting Relief & Summary Judgment for Failure to Comply with Rule 1(b) and 4 of the Rules Governing 2254 Cases in the United States District Courts" (Document No. 18) be denied.

### 2.    Respondent's Motion to Dismiss, or in the Alternative, to Transfer (Document No. 20):

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28

U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004).

Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences

unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328,

333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or

supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to

circumstances factually quite different from those properly considered under Section 2255. While

the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters

pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. §

2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which

Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or

incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon

his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction

or sentence is invalid are therefore appropriately considered under Section 2255, and allegations

respecting the execution of a federal sentence are properly considered under Section 2241. "A

section 2241 petition that seeks to challenge the validity of a federal sentence must either be

dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.

2000).

        In view of the nature of the claims, the undersigned finds Petitioner's claims are ones

properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of his sentence as imposed by the Middle District of North Carolina. Specifically,

Petitioner contends that his sentence is now invalid in light of Mathis, Descamps, Simmons,

Johnson, Dimaya, and McCollum because he no longer qualifies as a career offender under the

Guidelines. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals based upon the foregoing claims.[5]

---

[5]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

>      (1)  newly discovered evidence that, if proven and viewed in light of the

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th

---

> evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); also see Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). The undersigned notes that the sentencing court considered and denied Petitioner's Simmons claim on the merits even though Petitioner failed to obtain authorization from the Fourth Circuit. Furthermore, Petitioner obtained authorization to file a successive Section 2255 Motion concerning his Johnson claim. Petitioner's Johnson claim

Cir. 2001), <u>cert. denied</u>, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit

has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1)

at the time of conviction, settled law of this circuit or the Supreme Court established the legality

of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

substantive law changed such that the conduct of which the prisoner was convicted is deemed not

to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because

the new rule is not one of constitutional law." <u>In re Jones</u>, 226 F.3d at 333-34. In a panel opinion,

the Fourth Circuit recently extended the application of the savings clause to sentencing

challenges. <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of

sentencing challenges, the <u>Wheeler</u> Court established a new savings clause test stating that

Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time

of sentencing, settled law of this circuit or the Supreme Court established the legality of the

sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on

collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

for second or successive motion; and (4) due to this retroactive change, the sentence now

presents an error sufficiently grave to be deemed a fundamental defect."[6] <u>Id.</u> at 429. The <u>Wheeler</u>

---

was considered and rejected by the sentencing court.

[6] In <i>Wheeler</i>, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. <i>United States v. Wheeler</i>, 734 Fed.Appx. 892 (4th Cir. 2018); <i>United States v. Wheeler</i>, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best
> considered by the Supreme Court at the earliest possible date in order to resolve
> an existing circuit split that the panel decision broadens even farther. Because of

Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.

First, Petitioner's reliance upon <u>Mathis</u> and <u>Descamps</u>[7] is misplaced as neither apply retroactively in this Circuit. <u>See</u> <u>Cox v. Wilson</u>, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); <u>Copeland v. Kassell</u>, 733

---

the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United State's Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420.

[7] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

16

Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States, 2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Petitioner, therefore, cannot satisfy the second prong of the Wheeler test. See Melancon v. Saad, 2018 WL 3653290, * 5 (N.D.W.Va. July 9, 2018)(dismissing 2241 petition where petitioner challenged the validity of his sentence based upon *Mathis* and *Descamps*).

Second, the undersigned finds that Petitioner cannot satisfy the saving clause based upon Simmons. The record clearly reveals that Petitioner filed a Section 2255 Motion asserting his Simmons claim before the sentencing court. The sentencing court considered and rejected Petitioner's Simmons claim on the merits. Specifically, the sentencing court determined that Petitioner remained a career offender even after Simmons because "Petitioner faced well more than a year in prison for his predicate convictions." There has been no retroactive substantive change in the law after Petitioner's Simmons claim was denied on the merits in his Section 2255

proceedings. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255.

Third, Petitioner challenges his career offender enhancement based upon Johnson. Petitioner argues that similar to the petitioners in Wheeler and Lester, his career offender enhancement constitutes a fundamental defect warranting *habeas* relief. See Lester v. Flournoy, 909 F.3d 708 (2018)(finding that petitioner could challenge the validity of his sentence pursuant to Section 2241 because the misclassification of petitioner as a career offender under the mandatory Guidelines constituted a fundamental defect). Importantly, however, Petitioner was sentenced post-Booker under advisory Guidelines. Thus, Petitioner cannot satisfy the second prong of the Wheeler test because Johnson does not apply to career offender enhancements imposed pursuant to the post-Booker advisory Guidelines. Beckles v. United States, ___ U.S. ___, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016).[8] Since Beckles held that Johnson does not apply to post-Booker applications of the career offender enhancement, Petitioner cannot establish a change in settled substantive law establishing the legality of his sentence. Furthermore, Petitioner cannot satisfy the fourth prong of Wheeler ("an error sufficiently grave to be deemed a fundamental defect"). Unlike the petitioner in Lester, Petitioner was not subjected to a mandatory

---

[8] On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of *Johnson. Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. *Id.* Accordingly, Petitioner's argument that the holding of *Johnson* extends to his sentence as a career offender under the "residual clause" of the Guidelines is without merit. *Beckles* clearly forecloses Petitioner's argument that he was improperly determined to be a career offender because his prior convictions

Guideline range. <u>Lester</u>, 909 F.3d at 713-14 (finding that petitioner's sentence was fundamentally defective where he was subjected to an erroneous increase of his mandatory Guideline range); <u>also see</u> <u>Wheeler</u>, 886 F.3d at 430(finding that petitioner's sentence was fundamentally defective where petitioner was subjected to an erroneous increase in his mandatory minimum sentence)[9]. In <u>Lester</u>, the Fourth Circuit explained the difference in pre-<u>Booker</u> verses post-<u>Booker</u> sentences:

> In *[United States v.] Foote*, [784 F.3d 931 (4th Cir. 2015),] we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in *Foote*, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentence issued 'in excess of the maximum authorized by law.'" *Id.* at 942(quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in *Foote* was that the petitioner, unlike Lester, was sentenced after *Booker* had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. *Id.* at 942; *see Wheeler*, 886 F.3d at 432 n. 9 (distinguishing Foote).
>
> ***Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.*** But *Foote* simply doesn't apply to a petitioner sentenced in the pre-*Booker* era. Indeed, we denied the petitioner's claim in *Foote* partly on the grounds that, because he was sentenced under the advisory Guidelines, the district court not only had discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. *Foote*, 784 F.3d at 941-42; see 18 U.S.C. § 3553(a)(requiring individualized analysis of sentencing factors). That discretion is precisely what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

<u>Lester</u>, 909 F.3d at 715(emphasis added). Petitioner was clearly sentenced under the advisory Guidelines. Accordingly, Petitioner's claim based upon <u>Johnson</u>, <u>Wheeler</u>, and <u>Lester</u> is without merit.

---

no longer qualify as "crimes of violence" in light of *Johnson*.

[9] In *Wheeler*, the petitioner was allowed to challenge the validity of his mandatory minimum sentence based upon *Simmons*. As discussed above, Petitioner has already asserted his *Simmons* claim in a Section 2255 Motion that was denied on the merits by the sentencing court.

Fourth, Petitioner challenges his career offender enhancement based upon <u>Sessions v.</u> <u>Dimaya</u>. In <u>Dimaya</u>, the United States Supreme Court held that the residual clause contained in 18 U.S.C. § 16(b) of The Immigration and Nationality Act ["INA"] was unconstitutionally vague. <u>Sessions v. Dimaya</u>, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). The Supreme Court reasoned that the logic of its decision in <u>Johnson</u>, where the residual clause of the Armed Career Criminal Act ["ACCA"] (18 U.S.C. § 924(e)) was determined to be unconstitutionally vague, required the same result when considering the residual clause of 18 U.S.C. § 16(b). <u>Id.</u> at 1216. Since the residual clauses of Section 16(b) and Section 924(c)(3)(B) are nearly identical, the Fourth Circuit has generally "treated precedent respecting one as controlling analysis for the other." *In re Hubbard*, 825 F.3d 225, 231 n. 3 (4th Cir. 2016). Based upon the <u>Dimaya</u> decision, the Tenth, Fifth, and D.C. Circuit Courts have determined that the residual clause of Section 924(c)(3)(B) is also unconstitutionally vague. <u>See</u> <u>United States v. Salas</u>, 889 F.3d 681 (10th Cir. 2018); <u>United States v. Davis</u>, 903 F.3d 483 (5th Cir. 2018); and <u>United States v. Eshetu</u>, 898 F.3d 36 (D.C. Cir. 2018); <u>but also see</u> <u>United States v. Douglas</u>, 907 F.3d 1 (1st Cir. 2018)(finding *Dimaya* does not require similar result for the residual clause of Section 924(c)); <u>In re Garrett</u>, 908 F.3d 686 (11th Cir. 2018)(same); <u>United States v. Barrett</u>, 903 F.3d 166 (2nd Cir. 2018)(same). In the instant case, Petitioner fails to establish how <u>Dimaya</u> applies to his case. Based upon a review of Petitioner's underlying criminal case, there is no indication that Petitioner was sentenced under the residual clause of either Section 16(b) or Section 924(c)(3)(B). Thus, there is no indication that Petitioner is entitled to relief under <u>Dimaya</u>.

Citing <u>McCollum</u>, Petitioner finally argues that his prior conviction for conspiracy to commit armed robbery cannot be used as a predicate offense because such did not necessarily

involve the use of force. In <u>United States v. McCollum</u>, the Fourth Circuit determined that conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) was not a "crime of violence" under the Guideline definition because "generic" conspiracy requires an overt act and a Section 1959(a)(5) conspiracy does not. <u>United States v. McCollum</u>, 885 F.3d 300 (4th Cir. 2018). Petitioner, however, cites no authority holding that <u>McCollum</u> and its progeny apply retroactively. Therefore, the undersigned finds that Petitioner cannot satisfy the second prong of the <u>Wheeler</u> test.

Based upon the foregoing, the undersigned finds that Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

### <u>PROPOSAL AND RECOMMENDATION</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's "Motion Requesting Relief & Summary Judgment for Failure to Comply with Rule 1(b) and 4 of the Rules Governing 2254 Cases in the United States District Courts" (Document No. 18), **GRANT** Respondent's Motion to Dismiss (Document No. 20) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings

and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: February 6, 2019.

Omar J. Aboulhosn
United States Magistrate Judge